UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES KENNEDY, BESA KENNEDY | : | |
|     *Plaintiffs*, | : | |
| | : | |
| v. | : | No. 3:19-CV-260 (VLB) |
| | : | |
| FREDERICK CARUSO, ET AL., | : | |
|     *Defendants.* | : | February 20, 2020 |

## Order on Motion to Compel [Dkts. 48, 66]

Plaintiffs James Kennedy ("Mr. Kennedy") and Besa Kennedy "(Ms. Kennedy") (collectively, "Plaintiffs") sue Defendants Detective Frederick Caruso, Detective Frederick Hine, the Town of Fairfield, and Carmina Hirsch (collectively "Defendants"). *See generally* [Dkt. 1 (Compl.)]. Plaintiffs allege 16 separate claims and 189 total counts under the First Amendment, the Fourteenth Amendment, the Ninth Amendment, the Personal Data Act and several common law tort doctrines. *Id.*

Now pending before the Court is Defendants' motion to compel (1) Plaintiff James Kennedy to testify about a 2009 arrest and (2) disclosure of any records related to Mr. Kennedy's 2009 arrest. [Dkts. 48, 66]. Plaintiffs object. [Dkt. 52]. Defendants reply. [Dkt. 54]. For the reasons set forth below, the Court grants Defendants' motion to compel testimony and grants in part and denies in part Defendants' motion for the disclosure of records.

    I.    **Background**

As part of his litigation of custody against his ex-wife, on November 27, 2018, Mr. Kennedy filed an Application for an Emergency Ex Parte Order of Custody, in

1

which he stated "Defendant [Mr. Kennedy] was arrested within one day after the issuance of the [2009] ex-parte order." [Dkt. 49 (Ex. A to Mot. to Compel)]. His application was granted, and he received temporary sole legal custody the same day. [Dkt. 1 ¶ 239].

In December 2018, Fairfield Police Department Detective Frederick Caruso's ("Caruso") created and helped disseminate an incident report. *See generally* [Dkt. 1]. In the incident report, Caruso states that in 2009, Caruso "applied for an was granted an arrest warrant charging James Kennedy with Custodial Interference 1st degree" "because he cleared out his house of all belongings while still married to Ms. Kennedy," and that Mr. Kennedy was arrested. [Dkt. 1 at ¶¶ 475, 604, 608]. Plaintiffs complain that Caruso's incident report statement about the 2009 events is "false and stigmatizing," as "Mr. Kennedy has no criminal record, has never been arrested according to Connecticut statute, and the house was not empty upon separation of Mr. Kennedy with De Almeida-Kennedy." *E.g. id.* at ¶ 475; *see id.* at ¶¶ 363, 604, 608, 614. Caruso's statement about Mr. Kennedy's 2009 arrest, along with other alleged falsehoods in his report, is a ground for two of Plaintiffs' § 1983 claims, their Common Law Privacy claim, Common Law Negligence claims, and their Personal Data Act claim. *Id.* at ¶¶363, 475, 604, 608, 614, 647-50. The "false evidence" or "fabricated evidence" of the Caruso report appears as a ground in all but two of Plaintiffs' remaining eight claims. *Id.* at ¶¶ 515, 564, 582, 587, 641, 647650.

II. Analysis

*A. Motion for Disclosure of Records of 2009 Arrest*

**Defendants move for the Court to order the un-erasure and release of any and all records pertaining to any circumstances of a 2009 arrest of James Kennedy. In support, they argue that such testimony is materially relevant because one of the grounds on which Plaintiffs seek damages is that Defendants falsely stated that Mr. Kennedy was arrested in 2009. [Dkt. 48 at 9-10] In response, Plaintiffs argue that the records are privileged under Conn. Gen. Stat. § 54-142a, that the records are not relevant, and that the equities of the situation demand the denial of Plaintiff's motion. [Dkt. 52 at 7-10].**

**Connecticut General Statute § 54-142a provides in relevant part:**

> **(a)(1) Whenever any charge in a criminal case has been nolled in the Superior Court, or in the Court of Common Pleas, if at least thirteen months have elapsed since such nolle, all police and court records and records of the state's or prosecuting attorney or the prosecuting grand juror pertaining to such charge shall be erased…**
>
> **…**
>
> **(e) (1) The clerk of the court or any person charged with retention and control of such records in the records center of the Judicial Department or any law enforcement agency having information contained in such erased records shall not disclose to anyone, except the subject of the record, upon submission pursuant to guidelines prescribed by the Office of the Chief Court Administrator of satisfactory proof of the subject's identity, information pertaining to any charge erased under any provision of this section[.]**
>
> **…**
>
> **(f) Upon motion properly brought, the court or a judge of such court, if such court is not in session, shall order disclosure of such records (1) to a defendant in an action for false arrest arising out of the proceedings so erased, or (2) to the prosecuting attorney and defense counsel in connection with any perjury charges which the prosecutor alleges may have arisen from the testimony elicited during the trial, or any false statement charges, or any proceeding held pursuant to section 53a-40b, or (3) counsel for the petitioner and the respondent in connection with any habeas corpus or other collateral civil action in which evidence pertaining to a nolled or dismissed criminal charge may become relevant.**

3

Federal Rule of Civil Procedure 26 sets out the scope of discovery: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see* Fed. R. Civ. P. 26(b)(2)(C). "Questions of privilege in federal civil rights cases are governed by federal law." *Chase v. Nodine's Smokehouse, Inc.*, No. 3:18-CV-00683 (VLB), 2019 WL 2385602, at *3 (D. Conn. June 6, 2019) (quoting *Kelley v. City of Hamden*, No. 3:15CV00977(AWT), 2015 WL 9694383, at *3 (D. Conn. Nov. 23, 2015)).

The Second Circuit has concluded that § 54-142a is a confidentiality statute and effectively creates a privilege under Connecticut law. *United States v. One Parcel of Property Located at 31-33 York St. Hartford, Conn.*, 930 F.2d 139, 141 (2d Cir. 1991) (hereinafter *One Parcel*); *see also Kelley*, 2015 WL 9694383, at *3. But because the privilege "has been created by state statute, and does not arise from common law," it is construed narrowly and must "yield when outweighed by a federal interest in presenting relevant information to a trier of fact[.]" *Id*. Thus, "a balancing of interests will determine whether [the] information should be disclosed to" Defendants. *Chase*, 2019 WL 2385602, at *3.

Every court in this district to consider the balance of interests has found that the "important federal interests in broad discovery and truth-seeking and the interest in vindicating important federal substantive policy such as that embodied in section 1983[,]" prevail over any confidentiality interest embodied in Section 54-142a. *Chase,* 2019 WL 2385602, at *5 (Section 1983 claims for false arrest, malicious prosecution, and denial of equal protection claims, as well as state law claims);

4

*Crespo v. Beauton*, No. 15-CV-412(WWE)(WIG), 2016 WL 525996, at *1 (D. Conn. Feb. 9, 2016) (Section 1983 claim for excessive force); *Kelley,* 2015 WL 9694383 (Section 1983 claim for false arrest and other violations of the Fourth, Fifth, and Fourteenth Amendments, as well as state law claims).

In the instant case, the conclusion that federal interests in truth-seeking prevail is especially strong because the Section 54-142a confidentiality interest is especially weak: when a former arrestee brings a legal action based on his arrest, he waives § 54-142a for the purposes of the litigation. In *State v. Anonymous*, 680 A.2d 956 (Conn. 1996), a former arrestee sent notice to the Town of Farmington ("Farmington"), its police department, and a detective of his intent to bring an action for damages for false arrest. *Id.* at 959-60. Farmington moved the state trial court for access to the former arrestee's records for the limited purpose of defending against the threatened civil action, and the former arrestee moved for the records to be physically destroyed *Id.* at 960. The Supreme Court of Connecticut held that, "by filing his notice of intent to bring a civil action," a former arrestee "must be deemed to have waived, to a limited extent, the nondisclosure provisions of § 54-142a." *Id.* at 962. The *Anonymous* court reasoned that "the purpose of the erasure statute ... is to protect innocent persons from the harmful consequences of a *criminal charge* which is subsequently dismissed." *Id.* at 963-64 (quotations omitted). Therefore, where a person seeks to use the statute "not as a shield to protect himself from the deleterious effects of an arrest record, but, rather, as a sword against the [defendant] in order to facilitate his own impending

5

action," he "has waived the nondisclosure provision of § 54-142a(f)" for the purposes of the litigation. *Id.* at 964.

The reasoning undergirding *State v. Anonymous* applies here. 680 A.2d at 962-64. Mr. Kennedy too is using Conn. Gen. Stat. § 54-142a(f) as a sword rather than a shield: he too is using the statute to hide discovery relevant to a civil action he has filed, and to create an issue of material fact where there need not be one.[1] Therefore, the Court finds Mr. Kennedy too has waived the non-disclosure provision of § 54-142a(f) for the purposes of this litigation only. Any other result would "strain[] common sense" by allowing a plaintiff arrestee to use Gen. Stat. § 54-142a(f) to avoid a pursuit for the truth by turning litigation into a game to be won on technicalities. *Id.* at 963.

Plaintiffs argue that the requested information is not relevant and that there is neither a claim for false arrest nor a request for very limited information. [Dkt. 52 at 10-12]. But the Court finds that the requested records are relevant in light of the Complaint's repeated allegations that it is "false" that Mr. Kennedy was arrested in 2009 and that he left his home empty, and the numerous claims that rely on such allegations. [Dkt. 1 at ¶¶ 363, 475, 604, 608, 614]. Further, the Court reiterates that the Supreme Court of Connecticut's holding is not premised on the Section 54-142a(f) exception for false arrests, but rather on the "common sense" and the "purpose of the statute." *See also* 680 A.2d at 962 ("We need not decide in this case

---

[1] The Court's decision on this motion to compel should not be construed as any kind of opinion on the merits of whether Defendants have ever violated § 54-142a and whether such a violation generates liability.

6

whether the defendant's notice of intent to institute a civil action constitutes an "action for false arrest" within the meaning of § 54–142a(f)."). And, while the *Anonymous* Court set explicit boundaries to the review by limiting access to the arrestee's records to Farmington's counsel and limiting Farmington's counsel's use of the records to the "timely and reasonable investigation of the merits of the threatened action, " it did not limit counsel to only a sub-section of the records. *Id.* at 964.

Finally, the plaintiffs argue the equities of the situation demand the denial of Defendants' motion, as Plaintiffs were only compelled to put Mr. Kennedy's 2009 arrest at issue because of Defendants' improper acts. [Dkt. 52 at 10-12]. Plaintiffs cite no precedent for this point, and the Court agrees with Defendants that, as the discovery is relevant to their defense, they are entitled to the records.

Accordingly, Defendants' motion for records to be un-erased is GRANTED in part. All documents related to Mr. Kennedy's 2009 arrest, including all police and court records, and records of any state's attorney not otherwise privileged, are to be disclosed to counsel for the defendants.

The Court further orders that: (1) defense counsel shall not disseminate the disclosed documents to third parties without explicit authorization by the Court; (2) defense counsel shall not provide copies of the disclosed documents to their client(s) or witnesses, but may allow them to review the documents in the presence of counsel; (3) the disclosed documents shall be utilized only for purposes of this litigation; (4) the disclosed documents shall not be filed as exhibits in this matter, and to the extent that they must be so filed, that a motion to seal such documents

first be filed with the Court; and (5) all copies, electronic and physical, of the documents shall be destroyed by counsel after judgment enters in this case and any appeals have been concluded, or six months after judgment is entered in this case if no appeals are filed.

### B. Testimony of James Kennedy regarding 2009 Arrest

Defendants also argue that Mr. Kennedy should be compelled to testify regarding his arrest and the circumstances and facts around his arrest. [Dkt. 48 at 6-8]. In support, they argue that such testimony is materially relevant because one of the grounds on which Plaintiffs seek damages is that Defendants falsely stated that Mr. Kennedy was arrested in 2009. [Dkt. 48 at 6-8]. Plaintiffs respond that Mr. Kennedy did answer all questions asked, and Defendants are only seeking a different response. [Dkt. 52 at 7].

The Court recognizes that, under the plain language of the Section 54-142a(a), Mr. Kennedy is entitled to swear he had never been arrested:

> (e) (3) Any person who shall have been the subject of such an erasure shall be deemed to have never been arrested within the meaning of the general statutes with respect to the proceedings so erased and may so swear under oath. [cont.]

Conn. Gen. Stat. § 54-142a (2019). But the Court finds that the reasoning in *State v. Anonymous* encompasses this situation. 680 A.2d 956. To the extent that Mr. Kennedy is relying on Conn. Gen. Stat. § 54-142a(e) in his deposition testimony, he relies on it not as a shield, but as a sword, one that may allow him to use his deposition testimony to manufacture questions of fact and, corresponding questions of liability. Again, his use of the statute in this context does not advance the pursuit of truth, but obscures truth behind a technicality. Therefore, the Court

**holds that Mr. Kennedy has waived the oath provision of § 54-142a (e)(3) for the purposes of this litigation. In any further depositions in this litigation, Mr. Kennedy must answer Defendants' questions without relying on Conn. Gen. Stat. § 54-142a (e)(3).**

**The Court further orders that: (1) defense counsel shall not disseminate any such deposition testimony without explicit authorization by the Court; (2) defense counsel shall not provide copies of such deposition testimony to their client(s) or witnesses, but may allow them to review the documents in the presence of counsel; (3) such deposition testimony shall be utilized only for purposes of this litigation; and (4) such deposition testimony shall not be filed as exhibits in this matter, and to the extent that they must be so filed, that a motion to seal such documents first be filed.**

**SO ORDERED.**

                                                               **/s/**

                                        **District Judge Vanessa L. Bryant**

                                    **Dated: February 20, 2020 at Hartford, Connecticut**