UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES KENNEDY, BESA KENNEDY<br>*Plaintiffs*, | : | |
| | : | |
| v. | : | No. 3:19-CV-260 (VLB) |
| | : | |
| FREDERICK CARUSO ET AL., | : | |
| *Defendants.* | : | March 16, 2020 |

### ORDER on [69] Motion to Quash and Motion for a Protective Order

The Court grants in part and denies in part Mr. Robert Owsiany's motion for a protective order and motion to quash.

Preliminarily, Plaintiffs do not cite any support for their claim that Mr. Owsiany's motion is procedurally deficient, so the Court considers the motion on its merits.

The Court must quash a subpoena which subjects a person to undue burden, Fed. R. Civ. P. 45(d)(3)(A), and may issue a protective order to protect a person from undue burden. Fed. R. Civ. P. 26(c)(1). When determining undue burden, courts consider relevance, the party's need for the information, the breadth of the request, and the burden imposed. *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996).

Here, the Court finds that the subpoena does not impose an undue burden as far as it requests that Mr. Owsiany provide "all recorded communications with Frederick Caruso, Stacey Cox, or Carmina Hirsch since January 1, 2009." This request is directly relevant to the case at hand, and Mr. Owsiany has not stated that providing answers imposes any burden on him. Mr. Owsiany must answer this request for production, even if only by declaring that he does not have such materials.

But, the Court grants Mr. Owsiany's motion for a protective order against a deposition and against requests for documents concerning Ms. De-Almeida Kennedy's financial condition. The Court recognizes that parties are ordinarily entitled to test a deponent's lack of knowledge. *Order That Discovery Not Be Had*, 8A Fed. Prac. & Proc. Civ. § 2037 (3d ed.). In this case, however, Plaintiffs have stated that they intend to depose Mr. Owsiany about "the financial condition of Fatima De Almeida-Kennedy." [Dkt. 77 at 8]; see [Dkt. 69 at Ex. A (Subpoena). The Court cannot see the relevance of such testimony as Ms. De Almeida-Kennedy is not a defendant, Plaintiffs are not seeking damages from her, and her financial condition has nothing to do with the gravamen of this complaint, which is that Defendants violated Plaintiffs' constitutional rights. Further, the Court recognizes that a deposition, however fruitless, may burden a deponent by requiring him to take time away from his other commitments. *Cf. Lederman v. New York City Dep't of Parks & Recreation*, 731 F.3d 199, 203 (2d Cir. 2013) (recognizing time burden of a deposition, and shielding government official from deposition because of his "greater duties and time constraints than other witnesses"). Therefore, the Court grants Mr. Owsiany's motion for a protective order against a deposition and against requests for documents concerning Ms. De-Almeida Kennedy's financial condition.

IT IS SO ORDERED.

                                                          /s/
                                    Hon. Vanessa L. Bryant
                                    United States District Judge

Dated this day in Hartford, Connecticut: March 16, 2020