UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES and BESA KENNEDY | : | |
|     *Plaintiffs*, | : | |
| | : | |
| v. | : | No. 3:19-CV-260 (VLB) |
| | : | |
| FREDERICK CARUSO ET AL, | : | |
|     *Defendants.* | : | March 26, 2020 |

## RULING ON MOTION FOR RECONSIDERATION [Dkt. 60]

Before the Court is Defendants' Joint Motion for Reconsideration of the Court's Order denying Defendants' motion for extension [Dkt. 60]. The Court DENIES the motion.

In the Second Circuit, the standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see* D. Conn. L. R. 7(c) (requiring the movant to file along with the motion for reconsideration "a memorandum setting forth concisely the controlling decisions or data the movant believes the Court overlooked").

There are three grounds for granting a motion for reconsideration: (1) "intervening change of controlling law"; (2) "the availability of new evidence"; or (3) a "need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, *Fed. Practice & Procedure*, § 4478 at 790). If the

1

Court "overlooked controlling decisions or factual matters that were put before it on the underlying motion," reconsideration is appropriate. *Eisemann v. Greene*, 204 F.3d 393, 395 (2d Cir. 2000) (per curium). However, a motion for reconsideration should be denied when the movant "seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257; *Patterson v. Bannish*, No. 3:10-cv-1481 (AWT), 2011 WL 2518749, at *1 (D. Conn. June 23, 2011) (same).

Here, Defendants argue that the Court overlooked one of the factors raised in the motion for extension, specifically, that Defendants needed a ruling on their motion to compel testimony and for records to be un-erased to meaningfully depose Plaintiffs. [Dkt. 62 at 3-4]. Defendants do not argue that the Court overlooked any precedent or evidence. *Id.*

The Court finds that there are no grounds for granting their motion for reconsideration. The Court indeed considered this factor, as Defendants' need for a ruling on their motion to compel to complete their depositions of Plaintiffs possibly justifies a six-month extension only if "Defendants are entitled to complete their depositions before Plaintiffs begin their deposition[s]." [Dkt. 60]. Otherwise, there is no need for an extension because both Plaintiffs and Defendants could take depositions in the interim, and Defendants have never explained how completing two depositions would require six months. The Court explained that since this necessary "premise is not true," an extension was not justified.

Further, the Court finds that there is no manifest injustice in the ruling because the Court made clear that both parties could take depositions five weeks

2

before the discovery deadline, [Dkt. 60] and the Court ruled on the motion to compel in time for Defendants to complete their depositions of Plaintiffs before the discovery deadline. [Dkt. 67].

The Court finds that it has not overlooked any of the issues raised by Defendants but has instead considered and decided them. Therefore, the Court DENIES the motion for reconsideration.

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: March 26, 2020