UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES and BESA KENNEDY | : | |
|     *Plaintiffs*, | : | |
| | : | |
| v. | : | No. 3:19-CV-260 (VLB) |
| | : | |
| FREDERICK CARUSO ET AL, | : | |
|     *Defendants*. | : | April 9, 2020 |

**RULING ON MOTION FOR RECONSIDERATION [Dkt. 87]**

Before the Court is Plaintiffs' Motion for Reconsideration of the Court's Order denying Plaintiffs' motion for a one-month extension of the schedule so that the Plaintiffs may depose the Town of Fairfield, Dr. Eric Lifsey, Fatima De Almeida-Kennedy, Stacey Cox, Joseph Meade, Stephanie Owsiany. [Dkt. 85]. The Court DENIES the motion.

    I.    **Procedural Background**

Plaintiffs filed this case in February of 2019. [Dkt. 1 (Compl.)]. In April of 2019, the Court set the discovery deadline for March 9, 2020. [Dkt. 32 (Sched. Order)]. Plaintiffs did not properly respond to Defendants' requests for production and interrogatories until September of 2019. [Dkt. 47 (Minute Entry for 9/11/2019 Status Conf.)]. The parties began depositions on October 31, 2019, more than six months into the discovery period. [Dkt. 87 at 1]. In November of 2019, Defendants filed motions to compel, for a protective order, to quash, and for an extension of time. [Dkts. 48, 50, 51]. Briefing was complete by mid-December of 2019, and, on January 31, 2020 the Court made clear that both parties could take depositions five weeks before the discovery deadline. [Dkt. 60 (Order Denying Mot.'s to Quash, for a

1

Protective Order, and for an Extension)] The Court ruled on the motion to compel in time for Defendants to complete their depositions of Plaintiffs before the discovery deadline. [Dkt. 67 (Order Denying Mot. to Compel)]. In late February and early March, Plaintiffs filed two motions for extension, which the Court denied without prejudice to refiling in light of (a) failure to show good cause; (b) the proposed length of the extension for the remaining depositions and (c) the lack of proposed deposition dates. [Dkts. 73 (Feb. 27, 2020 Mot. for Extension); 75 (Mar. 6, 2020 Mot. for Extension), 76 (Order Denying Mot. for Extension). On March 17, 2020, Plaintiffs filed a motion for extension, which the Court denied. [Dkts. 80 (Mar. 17, 2020 Mot. for Extension), 85 (Order denying Mot.)]. That order is the subject of the instant motion for reconsideration.

II. Law

In the Second Circuit, the standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); see D. Conn. L. R. 7(c) (requiring the movant to file along with the motion for reconsideration "a memorandum setting forth concisely the controlling decisions or data the movant believes the Court overlooked").

There are three grounds for granting a motion for reconsideration: (1) "intervening change of controlling law"; (2) "the availability of new evidence"; or (3) a "need to correct a clear error or prevent manifest injustice." *Virgin Atl.*

2

*Airways Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, *Fed. Practice & Procedure*, § 4478 at 790). If the Court "overlooked controlling decisions or factual matters that were put before it on the underlying motion," reconsideration is appropriate. *Eisemann v. Greene*, 204 F.3d 393, 395 (2d Cir. 2000) (per curium). However, a motion for reconsideration should be denied when the movant "seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257; *Patterson v. Bannish*, No. 3:10-cv-1481 (AWT), 2011 WL 2518749, at *1 (D. Conn. June 23, 2011) (same).

Per Local Civil Rule 7(b)(1): "All motions for extensions of time must be decided by a Judge and will not be granted except for good cause. The good cause standard requires a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension." D. Conn. L. Civ. R. 7(b)(1).

### III. Analysis

In its order denying the motion for modification of the schedule, the Court found that Plaintiffs failed to state good cause for an extension because

> Plaintiffs have not shown why they could not have deposed the Town of Fairfield earlier, nor why they only identified Dr. Eric Lifsey as a deponent on February 20, 2020, as opposed to through earlier interrogatories. Plaintiffs have apparently not filed a Motion for Order to Show Cause as to Fatima De Almeida-Kennedy, despite knowing about her non-appearance at her deposition for almost a month. See Dkt. 65 . Plaintiffs have not explained the relevance of the depositions of non-parties Stacey Cox, Joseph Meade, and Stephanie Owsiany, and the Court has already granted Robert Owsianys motion to quash as to his deposition See Dkt. 79 . Plaintiffs have ignored the Court's direction to include specific dates for the remaining proposed depositions. See Dkt. 76 .

Dkt. 85 (3/29/2020 Order).

3

While Plaintiffs argue that the Court overlooked evidence, Plaintiffs' motion for reconsideration substantively cites to the underlying motion only three times and is rife with new acts.

Plaintiffs cite to the underlying motion to argue that the Court overlooked the following three points: First, that Plaintiffs filed two motions to show cause [Dkt. 87 at 7] (citing Dkt. 80 at 3). Second, Plaintiffs' need for time to allow for a motion to compel if Robert Owsiany were not to comply with the Court's order compelling responses to interrogatories [Dkt. 87 at 7] (citing Dkt. 80 at 1). Third, the impossibility of scheduling remaining depositions because of COVID-19 social distancing. [Dkt. 87 at 8] (citing Dkt. 80 at 5)].

The Court finds that it considered all factors relevant to good cause. As to the Plaintiff's first point, the underlying motion did not state that either of the motions for order to show cause was *as to* Fatima de Almeida-Kennedy, the relevant question. *Compare* [Dkt. 87 at 7], *with* [Dkt. 80 at 2-3]. As to the second and third points, neither an unknown possibility of a need for a motion to compel nor a public health emergency declared after the close of discovery demonstrates good cause for extending discovery.

The remainder of Plaintiff's motion provides the Court with new facts that Plaintiffs could have presented in any of their three prior motions for extension, but did not. For the first time, Plaintiffs state they identified Eric Lifsey as a potential deponent at the initiation of the lawsuit and that they issued Williamson County Schools a subpoena indicating it needed to bring anyone with personal knowledge of the case to testify, which they assumed included Lifsey. *Id.* at 3. For

the first time, Plaintiffs state that they intended to depose the Town on February 25, 2020. [Dkt. 87 at 4]. (Defendants clarify that Plaintiffs never issued a deposition notice for a representative of the Town of Fairfield and did not clarify who they wanted to depose until March 2, 2020). [Dkt. 89 (Defs.' Obj. re: Mot. for Recon.) at 2]. For the first time, Plaintiffs state that one of the motions for order to show cause they filed in the Middle District of Tennessee was as to Fatima de Almeida-Kennedy. *Compare* [Dkt. 87 at 7], *with* [Dkt. 80 at 2-3]. Plaintiffs agree that they did not articulate the relevance of the testimony of Stacey Cox, Joseph Meade, and Stephanie Owsiany in their underlying motion. [Dkt. 87 at 9].

The Court therefore finds that it did not "overlook controlling… factual matters that were put before it on the *underlying motion*." *Eisemann*, 204 F.3d at 395 (2d Cir. 2000) (emphasis added). In light of Plaintiffs' lack of diligence in providing discovery responses and in noticing depositions, the Court further finds that there is no manifest injustice in refusing to reconsider whether good cause exists for an extension of the schedule.

For these reasons, the Court denies Plaintiffs' motion for reconsideration.

                                                  IT IS SO ORDERED.

                                                  _____/s/_____
                                                  Hon. Vanessa L. Bryant
                                                  United States District Judge

**Dated at Hartford, Connecticut: April 9, 2020**