UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES KENNEDY, BESA KENNEDY : <br>    *Plaintiffs*, : <br> : <br> v. : <br> : <br> FREDERICK CARUSO ET AL., : <br>    *Defendants*. : | No. 3:19-CV-260 (VLB) <br><br> August 11, 2020 |

## ORDER AND RULING ON MOTION TO AMEND [ECF No. 138]

As an alternative to the Court *sua sponte* striking the redundant and immaterial matter in the original Complaint, the Court afforded Plaintiffs the opportunity to amend their Complaint solely "to comply with Federal Rule of Civil Procedure 8," which requires a "short and plain" statement of the claim showing a plaintiff is entitled to relief. *See* [ECF No. 132]. In response, Plaintiffs filed a proposed amended complaint that excised many of the redundant statements, but which also introduced a number of factual allegations which did not appear in the previous complaint. [ECF No. 138]. Defendants objected on the basis of prejudice. [ECF Nos. 139, 140]. Plaintiffs have not responded.

After considering the briefing, the Court denies Plaintiffs' Motion to Amend. [ECF No. 138]. The Court will provide Plaintiffs 48 hours to file a Complaint that complies with Rule 8 *only* by *striking* immaterial and redundant allegations from the original Complaint. If Plaintiffs do not file such an amended Complaint, the Court will exercise its power under Rule 12(h) to *sua sponte* strike redundant and immaterial matter. *See* Fed. R. Civ. P. 12(h)(1); *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995).

1

I.  Law

Under Rule 15(a), "[t]he court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend, though liberally granted, may properly be denied for: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Courts routinely deny attempts to amend after discovery has closed and the non-movant has already filed summary judgment papers. *See, e.g. AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 726-27 (2d Cir. 2010) (affirming denial of leave to amend complaint to add new claim where discovery had closed, counterparty "had already filed summary judgment papers," and "impact of the proposed new claim on the existing proceedings would have been substantial" and would have "significantly delayed the resolution of the dispute" (internal quotation marks and alterations omitted)); *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003) (in affirming denial of leave to amend complaint, noting length of delay, that discovery had been completed and summary judgment motion was pending); *Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir. 1998) ("A proposed amendment ... [is] especially prejudicial ... [when] discovery had already been completed and [nonmovant] had already filed a motion for summary judgment.").

II.  Analysis

Here, the Court denies Plaintiffs motion on the basis of undue prejudice to the Defendants. This case was filed over a year ago, discovery has closed, and Defendants have filed motions for summary judgment. *See* [ECF Nos. 96, 105]. In their proposed amended complaint, Plaintiffs have added numerous additional factual allegations, in addition to striking some redundant material,. *Compare* [ECF No. 1 (Compl.)], *with,* [ECF No. 138-1 (Proposed Amended Compl.)]. These new allegations would require additional discovery, including depositions, and possibly additional motions for summary judgment. Therefore, the Court finds that allowing the amended complaint would unduly prejudice Defendants. *See AEP Energy*, 626 F.2d 669, 726-727 (2d Cir. 2010).

### III. Conclusion

The Court denies Plaintiffs' Motion to Amend. [ECF No. 138]. The Court will provide Plaintiffs 48 hours to file a Complaint that complies with Rule 8 *only* by *striking* immaterial and redundant allegations from the original Complaint. If Plaintiffs do not file such an amended Complaint, the Court will exercise its power under Rule 12(h) to *sua sponte* strike redundant and immaterial matter. *See* Fed. R. Civ. P. 12(h)(1); *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995).

SO ORDERED this 11th day of August 2020 at Hartford, Connecticut.

/s/

VANESSA L. BRYANT

UNITED STATES DISTRICT JUDGE